# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.  CASE STYLE

IN THE CIRCUIT COURT OF THE TWENTIETH   JUDICIAL CIRCUIT,
IN AND FOR LEE   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Diego Arboleda
Plaintiff
        vs.
State Farm Automobile Insurance Company
Defendant

## II.  TYPE OF CASE

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☐   Non-monetary declaratory or injunctive relief;
- ☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

1

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Gregg M Hollander          FL Bar No.: 973350
          Attorney or party                                                       (Bar number, if attorney)

Gregg M Hollander          06/09/2017
          (Type or print name)                                               Date

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.

DIEGO ARBOLEDA,

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiff, DIEGO ARBOLEDA, by and through his undersigned counsel, and sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM"), and in support thereof alleges as follows:

1.    This is an action for damages in excess of $15,000.00, exclusive of interest and costs.

2.    Plaintiff, DIEGO ARBOLEDA, is a resident of Lehigh Acres, Lee County, Florida, and is, otherwise, *sui juris*.

3.    Defendant, STATE FARM, based upon information and belief, is a corporation, organized and existing under laws of the State of Illinois, and was at all times mentioned herein qualified to do and doing business in Lee County, Florida, and has substantial business contacts, agents, and a base of operations in Lee County, Florida.

4.    Defendant, STATE FARM, through its subsidiaries and affiliates, provides automobile insurance services and is authorized and approved to write automobile insurance in Lee County and the State of Florida.

5.    The motor vehicle accident in suit occurred in Lehigh Acres, Lee County, Florida.

6.     On or about October 10, 2016, at approximately 7:50 p.m., George Allen Percifield, not a party to this case, owned/leased and operated a 2008 Honda automobile traveling north on Bell Boulevard at or near the intersection of Grant Boulevard in Lehigh Acres, Lee County, Florida.

7.     On or about October 10, 2016, at approximately 7:50 a.m., Plaintiff, DIEGO AROBLEDA, was operating a 2013 Dodge Ram, traveling north on Bell Boulevard attempting to make a left turn onto Grant Boulevard in Lehigh Acres, Lee County, Florida.

8.     At that time and place, George Allen Percifield negligently operated and/or maintained the motor vehicle he was driving by attempting to pass cars in front of him in oncoming traffic striking Plaintiff, DIEGO ARBOLEDA's vehicle as Plaintiff was attempting his left turn.

9.     At the time of the aforementioned accident on or about October 10, 2016, George Allen Percifeld had insufficient bodily injury liability coverage to cover the value of the damages sustained by Plaintiff, DIEGO ARBOLEDA. In fact, he had bodily injury liability policy limits of $50,000 per person/$100,000 per occurrence, which was tendered to Plaintiff, DIEGO ARBOLEDA on June 7, 2017.

10.    At the time of the aforementioned accident on or about October 10, 2016, there was a policy of insurance in full force and effect issued by Defendant, STATE FARM, through its subsidiaries, agents and/or affiliates, to Plaintiff, DIEGO ARBOLEGA. Said policy provided coverage to Plaintiff, DIEGO ARBOLEDA, which included uninsured/underinsured motorist coverage.

11.    Pursuant to the terms and conditions of the insurance policy issued by Defendant, STATE FARM, through its subsidiaries, agents and/or affiliates providing uninsured/underinsured motorist coverage to Plaintiff, DIEGO ARBOLEDA, Defendant, STATE FARM, is also therefore liable for all compensatory damages exceeding George Allen Percifeld's liability coverage.

12.    Plaintiff, DIEGO ARBOLEDA, as complied with all conditions precedent to the bringing of this action pursuant to the policy of insurance issued by Defendant, STATE FARM.

13.   As a direct and proximate result of the negligence of George Allen Percifeld, Plaintiff, DIEGO ARBOLEDA, suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition and/or activation of a latent condition.   As these injuries are permanent and continuing, Plaintiff, DIEGO ARBOLEDA, will continue to suffer said losses in the future.   The value of Plaintiff's damages exceeds any liability insurance insuring George Allen Percifeld.   Therefore, Defendant, STATE FARM, is liable for the excess.

WHEREFORE, Plaintiff, DIEGO ARBOLEDA, demands judgment for damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and demands a trial by jury of all issues so triable.

Dated this 4th day of June, 2017.

THE HOLLANDER LAW FIRM, P.A.
Attorneys for Plaintiff
7000 West Palmetto Park Road, Suite 500
Boca Raton, Florida 33433
(561) 347-7770 - telephone
(561) 347-9929 - facsimile
Primary: Ghollander@hollanderlawfirm.com
Secondary: Amy@hollanderlawfirm.com


BY:_____
     GREGG M. HOLLANDER
     FLORIDA BAR NO.: 973350

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.

DIEGO ARBOLEDA,

       Plaintiff,

vs.

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

_____/

## PLAINTIFF NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

       COMES NOW, the Plaintiff, by and through the undersigned counsel, and in compliance with Fla.R.Jud.Admin. 2.516, hereby gives notice that the following e-mail addresses are designated for service of court documents in the above captioned matter:

              Primary e-mail:      Ghollander@hollanderlawfirm.com
              Secondary e-mail:   Amy@hollanderlawfirm.com

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the Complaint herein.

              THE HOLLANDER LAW FIRM, P.A.
              Attorneys for Plaintiff
              7000 West Palmetto Park Road, Suite 500
              Boca Raton, Florida 33433
              Phone: 561-347-7770 | Fax: 561-347-9929
              Primary: Ghollander@hollanderlawfirm.com
              Secondary: Amy@hollanderlawfirm.com

       BY:_____
              GREGG M. HOLLANDER
              FLORIDA BAR NO.: 973350

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.  **17-CA-001925**

DIEGO ARBOLEDA,

        Plaintiff,

vs.

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

      YOU ARE COMMANDED to serve this SUMMONS and a copy of the Complaint in the above styled cause of action upon the Defendant:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**c/o Florida Chief Financial Officer, as Registered Agent**
**200 East Gaines Street**
**Tallahassee, Florida 32399-4201**

      The Defendant is hereby required to serve written defenses to said Complaint on: GREGG M. HOLLANDER, ESQUIRE, Plaintiff's counsel, whose address is 7000 West Palmetto Park Road, Suite 500, Boca Raton, Florida, 33433, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's counsel or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

      DATED this _____ day of **06/12/2017** , 2017.

           Linda Doggett   As Clerk of the Court

                By:_____
                    As Deputy Clerk

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.

DIEGO ARBOLEDA,

     Plaintiff,

vs.

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, DIEGO ARBOLEDA, by and through the undersigned attorney, and pursuant to Florida Rule of Civil Procedure 1.370, serves this Request for Admissions upon Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM"), who is requested to admit or deny the following allegations:

1. That on or about October 10, 2016 Plaintiff, DIEGO ARBOLEDA, was insured under an automobile liability insurance policy issued by Defendant, STATE FARM.

2. That the policy issued by Defendant, STATE FARM, was in full force and effect on October 10, 2016.

3. That the policy issued by Defendant, STATE FARM, to Diego Arboleda, contained uninsured/underinsured motorist coverage with limits of $100,000/$300,000.

4. That Plaintiff, CHRISTOPHER ARBOLEDA, was entitled to uninsured motorist coverage under the policy of insurance issued by Defendant, STATE FARM, to DIEGO ARBOLEDA.

5. That Plaintiff, DIEGO ARBOLEDA, has complied with all conditions precedent pursuant to the policy issued by Defendant, STATE FARM.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the Complaint herein.

THE HOLLANDER LAW FIRM, P.A.
Attorneys for Plaintiff
7000 West Palmetto Park Road, Suite 500
Boca Raton, Florida 33433
Phone: 561-347-7770 | Fax: 561-347-9929
Primary: Ghollander@hollanderlawfirm.com
Secondary: Amy@hollanderlawfirm.com

BY:_____
    GREGG M. HOLLANDER
    FLORIDA BAR NO.: 973350

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.

DIEGO ARBOLEDA,

      Plaintiff,

vs.

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF SERVING FIRST INTERROGATORIES UPON
## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

      COMES NOW the Plaintiff, DIEGO ARBOLEDA, by and through the undersigned

counsel, and pursuant to Florida Rules of Civil Procedure, Rule 1.340, hereby propounds his

First Interrogatories upon Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY, to be answered under oath and in writing, on or within forty-five (45) days from the

date of service of process.

      I HEREBY CERTIFY that a true and correct copy of the foregoing, along with the First

Interrogatories, have been served with the Complaint herein.

                    THE HOLLANDER LAW FIRM, P.A.
                    Attorneys for Plaintiff
                    7000 West Palmetto Park Road, Suite 500
                    Boca Raton, Florida 33433
                    Phone: 561-347-7770 | Fax: 561-347-9929
                    Primary: Ghollander@hollanderlawfirm.com
                    Secondary: Amy@hollanderlawfirm.com

BY:_____
                    GREGG M. HOLLANDER
                    FLORIDA BAR NO.: 973350

## FIRST INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    If you are answering for a corporation, is said corporation named correctly in the Complaint? If not, please state the correct name and current registered agent and address.

3.    State the names and addresses of the President, Vice President, Secretary, Treasurer and all officers of said corporation.

4.    Please state your name, current address and telephone number, and if you are answering for someone else, your official position.

5.    State the policy number, types of coverage and limits of each type of coverage including deductibles for each and every automobile insurance policy in full force and effect issued to the Plaintiff or available to the Plaintiff by virtue of his/her/their relationship to any insured under any policy of insurance.

6.    Were Personal Injury Protection benefits paid out under the above policy as a result of the incident complaint herein. If your is in the affirmative, please state the amount that was paid and to whom this amount was paid.

7.    Was a demand received against Defendant or its agents for underinsured motorist benefits on behalf of the Plaintiff?

8.    Was said demand against Defendant in an amount equal to the policy limits afforded to Plaintiff?

9.    State the facts upon which you rely for each affirmative defense in your answer.

10.    Please identify each person, corporation, entity and/or organization who the Defendant contends share a percentage of fault for the accident alleged in the Complaint, but who is not named in the Complaint.    For each such person, corporation, entity and/or organization, state why they may be negligent.

11.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

12.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit? If so, state the name, residence address and telephone number of each person who made the statement or state, the names, residence address, business address and telephone number of each person who heard it, and the date, time, place and substance of each statement.

13.     State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody, or control or any model, plat, map, drawing, motion picture, video tape, or photograph(s) pertaining to any fact or issue involved in this controversy and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

14.     Please state your basis, if any, that the Plaintiff was not wearing a seatbelt, that there was an available and operational seatbelt, that the injuries sustained by Plaintiff would not have been as great had the Plaintiff been wearing the seat belt and how the lack of wearing a seatbelt contributed to the occurrence of this accident.

15.     Describe in detail each act or omission on the part of the alleged tortfeasor you contend constituted negligence that was a contributing legal cause of the accident in question.

16.     Describe in detail each act or omission on the part of the Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

17.     Do you intend to call any expert witnesses at the trial of this case? If so, please state as to each witness the name, business address, and telephone number of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which he/she is expected to testify

I understand that I am swearing or affirming under oath to the truthfulness of the Answers to First Interrogatories.

_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

STATE OF FLORIDA               )
COUNTY OF                      )

BEFORE ME, the undersigned authority, personally appeared STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, who, after first being duly sworn, deposes and says that **HE/SHE** executed the foregoing Answers to First Interrogatories and they are true and correct to the best of his knowledge.

WITNESS my hand and official seal , this ____ day of _____, 2017.

_____

NOTARY PUBLIC

My Commission Expires:

☐  personally known to me; or
☐  produced the following identification:_____

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.

DIEGO ARBOLEDA,

     Plaintiff,

vs.

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## REQUEST TO PRODUCE TO DEFENDANT

     COMES NOW Plaintiff, DIEGO ARBOLEDA, by and through the undersigned counsel,
and pursuant to the Rules of Civil Procedure, requests that the Defendant, STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY, produce the following documents
within forty-five (45) days from the date of service of process.

     1.    Copies of each and every insurance policy in full force and effect which insures
the Plaintiff as described in the Complaint.

     2.    Any and all photographs taken by the Defendant, Defendant's attorney, or
investigators, agents, servants, or employees after the incident referred to in the Complaint which
are in any manner related to the subject manner of this litigation.

     3.    Copies of all medical and hospital reports and records received by Defendant,
Defendant's attorney, investigators, agents, servants, or employees, from doctors, physicians,
facilities, or anyone else who has rendered treatment to the Plaintiff for injuries incurred as a
result of the incident which is the subject matter of this litigation.

4.     Any and all statements taken in any form or medium of communication of the Plaintiff.

5.     Copies of any and all statements from persons known, believed or alleged to have witnesses the occurrences alleged in Plaintiff's complaint.

6.     Copies of any and all statements from persons known, believed, or alleged to have knowledge or discoverable facts or information.

7.     Copies of all investigative reports in any form or medium of communication relating to the subject matter of this litigation.

8.     Photographs depicting Plaintiff's property damage sustained in the subject accident.

9.     Any and all photographs of the accident scene.

10.    All repair bills and/or estimates of Plaintiff's property damage.

11.    All repair bills and/or estimates.

12.    All rejection forms executed by Plaintiff rejecting either UM/UIM coverage and/or stacking coverage.

13.    All forms executed by Plaintiff accepting either UM/UIM coverage and/or stacking coverage.

14.    Any and all PIP ledger, payout sheets and/or Explanation of Benefits with regard to Plaintiff's accident as described in the Complaint

In support of this Request for Production, the Plaintiff would show that he is unable to obtain the materials without undue expense and hardship.   The articles are in the sole or exclusive possession of the Defendant, its agents or attorneys; and such items are necessary for the Plaintiff to properly prepare his case.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the Complaint herein.

THE HOLLANDER LAW FIRM, P.A.
Attorneys for Plaintiff
7000 West Palmetto Park Road, Suite 500
Boca Raton, Florida 33433
Phone: 561-347-7770 | Fax: 561-347-9929
Primary: Ghollander@hollanderlawfirm.com
Secondary: Amy@hollanderlawfirm.com

BY:_____
GREGG M. HOLLANDER
FLORIDA BAR NO.: 973350

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                          CIVIL ACTION

CASE NO: 17-CA-001925

Arboleda, Diego
   Plaintiff
vs
State Farm Automobile Insurance Company
   Defendant
_____/

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
foreclosures, involuntary commitment of sexually violent predators and eminent domain cases),
the parties are required to participate in the case management system. The case management
system requires early consultation and cooperation among the parties for the preparation and
submission of an Agreed Case Management Plan, early interaction with a Civil Case Manager
and early involvement by the Court. The Agreed Case Management Plan requires the parties to
identify a case track, confer in a good faith attempt to narrow the matters in controversy, identify
the issues that require direct involvement by the Court, and establish a schedule for addressing
those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at:
[http://www.ca.cjis20.org/web/main/civil.asp].
Unless all of the Defendants have been served and have defaulted, an Agreed Case
Management Plan will be submitted to the Civil Case Manager, at the Lee County Justice Center,
1700 Monroe Street, Fort Myers, FL 33901, on or before 150 days from the date of filing of the
initial complaint. If the parties are unable to agree on an Agreed Case Management Plan, a case
management conference will be scheduled by the Court. If a case management conference is
scheduled, attendance by trial counsel and those parties who are not represented by counsel is
mandatory.

_____

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)(B).

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

5. **CONTACT INFORMATION.** Attorneys and pro se parties are required to keep the court apprised of their current address, telephone numbers and email address. This information is also required to be included in all pleadings filed in your case.

DONE AND ORDERED in Chambers at Fort Myers, Lee County, Florida.

*Alane C. Laboda (electronically signed)*
**Administrative Circuit Judge**

**\*\*\*\*\*Original on file in the office of the Circuit Court Administrative Judge, Lee County**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

DIEGO ARBOLEDA,

     Plaintiff,

v.                          CASE NO: 17-CA-001925

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.090, hereby moves for an extension of time to respond to Plaintiff's Complaint, and states:

1. Defendant was served with Plaintiff's Complaint on June 22, 2017.

2. Defendant requires additional time to formulate its response to Plaintiff's Complaint.

3. Therefore, Defendant moves for a reasonable extension of time to respond to Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully requests that this Court grant this Motion and extend the time in which Defendant must respond to Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing was served via

Florida E-Portal Service and Email to:

> **Gregg M. Hollander, Esq.**
> Florida Bar No. 973350
> THE HOLLANDER LAW FIRM, P.A.
> 7000 W. Palmetto Park Rd., Suite 500
> Boca Raton, FL 33433
> Telephone: (561) 347-7770
> Fax: (561) 347-9929
> E-mail: ghollander@hollanderlawfirm.com
> E-mail: amy@hollanderlawfirm.com
> *Attorneys for Plaintiff*

> /s/ *Adam C. Shelton*
> **Adam C. Shelton, Esq.**
> Florida Bar No: 572578
> **Kendall O. Pfeifer, Esq.**
> Florida Bar No: 105445
> SHELTON MCKEAN
> 9700 9th St. N., Suite 400
> St. Petersburg, FL 33702
> Telephone: (727) 316-6330
> Fax: (727) 316-6368
> E-mail: service-ashelton@sheltonmckean.com
> E-mail: service-kpfeifer@sheltonmckean.com
> *Attorneys for Defendant*