UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIEGO ARBOLEDA,

       Plaintiff,

v.                                                         Case No:  2:17-cv-406-FtM-99CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 10) filed on August 3, 2017 and Plaintiff's Corrected Supplement to Motion to Remand (Doc. 15). Defendant filed a Response in Opposition (Doc. 16) and Plaintiff replied (Doc. 24). For the reasons set forth below, the motion is denied.

## **BACKGROUND**

On June 9, 2017, Plaintiff Diego Arboleda filed a Complaint (Doc. 2) in State Court against Defendant State Farm Mutual Automobile Insurance Company involving coverage for injuries Arboleda sustained in a car accident with State Farm's insured,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

George Percifield. Before filing suit, the underlying tortfeasor tendered his bodily injury policy limits of $50,000 to Plaintiff.

State Farm timely removed the case to this Court, citing diversity jurisdiction as the basis for removal. (Doc. 1). Arboleda now moves to remand the case because State Farm has not established the Court's subject matter jurisdiction. (Doc. 10). Plaintiff's motion to remand to state court challenges Defendant's showing that the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts, therefore, remand to state court any case that was "without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted). The party seeking removal must meet the burden of satisfying the jurisdictional requirements for removal. See *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The removal statutes permit a defendant to move a case from state court to federal court provided the case could have brought in federal court. See 28 U.S.C. § 1441 (governing removal), 28 U.S.C. § 1446 (establishing the procedure for accomplishing removal). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Where, as here, a plaintiff has made an unspecified demand for damages in her Complaint, the removing defendants must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Leonard v. Enterprise Rent a Car*, 279 F.3d 957, 972 (11th Cir. 2002); *Williams*, 269 F.3d at 1319; *Kirkland v. Midland Mortgage Co.*, 243 F.3d at 1281 n.5; *Tapscott v. MS Dealer Svc. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000). Thus, the issue here is whether Defendant has shown that it is more likely than not that as of July 19, 2017, the amount in controversy exceeded $75,000, exclusive of interest and costs. Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

## DISCUSSION

In asserting the amount in controversy exceeded $75,000 at the time of removal, Defendant relies on Plaintiff's May 2, 2017 and June 7, 2017 pre-suit demands (Doc. 1-1, Doc. 1-2), seeking the combined policy limits of $150,000 to settle the case. To support the demands, Plaintiff described the accident, and listed his medical bills, which amounted to $31,564.38, <u>excluding</u> charges of Gulf Coast Medical Center for a right hip surgery. The May 2, 2017 demand also enclosed copies of medical records and bills that specifically identify the injuries suffered by Arboleda. (Doc. 1-1 at 5.) Plaintiff also attached a $50,028.61 bill from Lee Memorial Health System associated with the hip surgery to the June 7, 2017 demand letter. (Doc. 1-2 at 3-4). Defendant states in its

Notice of Removal that combining the representations made in both Demands, Plaintiff's medical expenses totaled $81,592.99 at the time of removal. (Doc. 1, at 9-10).

In moving for remand, Plaintiff argues that the amount of medical expenses should be reduced/set-off by the payment to Plaintiff of PIP benefits, health insurance benefits, or monies from other collateral sources. In support, Plaintiff offers medical bills and statements, showing that the amount of charges Plaintiff <u>actually incurred</u> are significantly less after the health insurance claims were processed and other amounts were reduced prior to the date of removal.

A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses[ ]...may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). Here, Plaintiff's pre-suit demands not only references medical bills totaling $81,592.99 and attaches supporting documentation, it also lists multiple medically-diagnosed conditions. Accordingly, the Court finds that Plaintiffs' pre-suit demands credibly supports the conclusion that the value of Mr. Arboleda's claim exceeded $75,000 at the time of removal.[2] *Id.*; *see also Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015

---

[2] The amount of Arboleda's out-of-pocket medical expenses is irrelevant to determining the value of his claim, since, "[u]nder Florida law, a plaintiff is entitled to recover from a defendant the full amount that the plaintiff's medical providers have agreed to accept as payment for the treatment, *not just the amount for which the plaintiff is personally liable to those providers.*" *Daley v. Scott*, No. 2:15-CV-269-FTM-29DNF, 2016 WL 3517697, at *5 (M.D. Fla. June 28, 2016) (emphasis added) (citing *Goble v. Frohman*, 901 So. 2d 833 (Fla. 2005); *Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 958 (Fla. 2d DCA 2004)). The amount in controversy is an estimate of the amount that will be put at issue during the litigation, rather than a prediction of how much the plaintiff is likely to recover. *S. Florida Wellness*, 745 F.3d at 1315. The amount of any award determined by the trier of fact is later reduced by the amounts which have been paid for the benefit of the

WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015). Because Defendant has shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000 at the time of removal, the Motion to Remand is denied.

Finally, although the Notice of Removal states that Defendant was served with the Complaint on June 22, 2017 (Doc. 1, ¶ 9), the Court notes that no answer or other responsive pleading has been filed. Therefore, the Court directs Defendant to do so.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

(2) Plaintiff's Motion to Supplement Motion to Remand (Doc. 15) is **GRANTED**.

(3) Defendant shall have up to and including **September 1, 2017** to file a response to Plaintiff's Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of August, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

claimant, or which are otherwise available to the claimant, from collateral sources. Fla. Stat. § 768.76(1). The Court disagrees that the reduction is determined by the Court at the time of removal.

Further, to the extent that the parties rely on the policy limits as a valuation of the claim, it is the value of the claim at issue, not the value of the policy limit that is considered for purposes of determining the amount in controversy. See *Martins v. Empire Indem. Ins. Co.*, No. 08–60004–CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar.21, 2008) (collecting cases). See also *Green v. Travelers Indem. Co.*, No. 3:11–cv–922–J–37TEM, 2011 WL 4947499, at *1 (M.D. Fla. Oct.18, 2011); *Fields v. Travelers Indem. Co.*, No. 2:08–cv155–WKW, 2008 WL 2225756, at *2 (M.D. Ala. May 28, 2008) ("The policy limit, although not irrelevant, does not establish the amount in controversy where, as here, the policy holder has not alleged a total loss and instead alleges damages in an amount well below the policy limit."); *Employers Mutual Casualty Co. v. Parking Towing Co., Inc.*, No. 07–0684–WS–B, 2007 WL 4577705, at *2 (S.D. Ala. Dec.27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying claim may be for far less than the policy limit").