UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIEGO ARBOLEDA,

    Plaintiff,

v.                                Case No: 2:17-cv-406-FtM-38CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Strike Damages Claimed in Violation of the Florida Constitution and Fla. Stat. § 627.736(5)(a) and Plaintiff's response in opposition. Docs. 44, 45. For the reasons stated below, the motion is denied.

On July 19, 2017, this case was removed from state court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. According to Plaintiff's Complaint, Plaintiff Diego Arboleda was involved in a car accident on October 10, 2016 due to George Allen Percifield's[1] negligent operation of a motor vehicle. Doc. 2 ¶¶ 5-8. As a result of the accident, Plaintiff suffered permanent bodily injury, pain, suffering, disability, disfigurement and loss of the

---

[1] Mr. Percifield is not a party to this case. Doc. 2 ¶ 6.

capacity to enjoy life as well as medical expenses. *Id.* ¶ 13. Mr. Percifield's bodily injury liability coverage[2] was insufficient to cover Plaintiff's damages. *Id.* ¶ 9. At the time of the accident, Plaintiff had an insurance policy in full force and effect through State Farm, which included coverage for underinsured motorists. *Id.* ¶ 10. Therefore, Plaintiff alleges State Farm is liable for Plaintiff's damages in excess of Mr. Percifield's liability coverage. *Id.* ¶¶ 11-13. Plaintiff's only reference to an amount of damages in the Complaint is that the action seeks over $15,000.00.[3] *Id.* ¶ 1.

Plaintiff sought medical treatment from Gulf Coast Medical Center, which is part of the Lee Memorial Hospital System ("Lee Memorial"), for injuries related to the car accident. Doc. 44 at 1. State Farm approved $10,221.62 of the $50,028.61 that Lee Memorial charged for the services, and paid $2,420.42 of the approved total.[4] *Id.* at 2. This left $7,813.20 remaining unpaid of the approved amount of charges. *Id.* However, Lee Memorial subsequently claimed a lien against Plaintiff in the amount of $40,478.61.[5] *Id.*; Doc. 44-3.

---

[2] Mr. Percifield was insured by State Farm at the time of the accident. Doc. 10 at 4.

[3] The amount in controversy was the subject of a motion to remand, which the Court denied because Plaintiff's pre-suit demands referenced medical bills in excess of $75,000 at the time of removal. *See* Docs. 10, 15, 16, 24, 25.

[4] The $2,420.42 State Farm paid to Lee Memorial included $12.00 in interest. Doc. 44 at 2 n.1. State Farm paid only $2,408.42 of the approved amount because this amount exhausted Plaintiff's remaining Personal Injury Protection ("PIP") benefits under his policy. *Id.* at 2.

[5] It is unknown how Lee Memorial calculated the lien amount. *See* Doc. 44 at 2.

In the instant motion, State Farm argues the lien is invalid because it is unconstitutional under Article III, Section 11(a)(9) and Article I, Section 10 of the Florida Constitution, and it is unenforceable under Section 627.736(5)(a) of the Florida Statutes. *Id.* at 3. State Farm asserts Lee Memorial's lien violates the Florida Constitution because it relies on the authority of an unconstitutional statute—Chapter 2000-439, Laws of Florida. *Id.* at 4-7 (citing *Lee Mem'l Health Sys.*, 230 So. 3d 558, 561-64 (Fla. Dist. Ct. App. 2017) (finding Chapter 2000-439, Section 18, Laws of Florida violates Article III, Section 11(a)(9) and Article I, Section 10 of the Florida Constitution because it "authorizes the imposition of a lien based on a private contract" and "impairs the obligations of contracts entered into by an insurer and its insured")). State Farm also contends Lee Memorial's lien violates Section 627.736(5)(a) of the Florida Statutes because it attempts to collect from Plaintiff more than the payment amount State Farm approved. *Id.* at 9-11. As a result, State Farm contends Plaintiff does not owe Lee Memorial the amount of the lien, and thus the amount cannot be recoverable from State Farm. *Id.* at 3. Accordingly, State Farm "moves to strike as evidence of Plaintiff's damages the amount that [Lee Memorial] is attempting to collect from Plaintiff, and that Plaintiff is attempting to recover from [State Farm]." *Id.*

State Farm claims it has standing to challenge the validity of Lee Memorial's lien because Plaintiff intends to recover the full amount of the lien from State Farm and will use the lien to support his claim for damages. *Id.* at 8. Plaintiff responds State Farm improperly is attempting to adjudicate a dispute between Lee Memorial

and Plaintiff, to which State Farm is not a party. Doc. 45 at 1. Plaintiff also asserts that regardless of the lien's validity, Plaintiff currently is indebted to Lee Memorial for the full amount of the lien. *Id.* at 2. Plaintiff refuses to address the constitutionality of the lien, arguing it would be Lee Memorial's responsibility to defend the constitutionality of its own lien. *See id.* Plaintiff further argues that State Farm's motion can be denied solely for failing to comply with Rule 5.1 of the Federal Rules of Civil Procedure, which requires a party who is questioning the constitutionality of a state statute to promptly file a notice stating the constitutional question and identifying the document that raises it, and to serve the notice and document on the state attorney general. *See id.* at 1; Fed. R. Civ. P. 5.1(a)(1); *Reliable Tractor, Inc. v. John Deere Constr. & Forestry Co.*, No. 7:07-CV-00043-HL, 2007 WL 4373555, at *1 (M.D. Ga. Dec. 11, 2007).

The Court denies State Farm's motion because, as an initial matter, it fails to assert the legal grounds for the relief sought. Rule 7 of the Federal Rules of Civil Procedure requires a motion for a court order to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). Also, Local Rule 3.01 of the Rules of the Middle District of Florida plainly states:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . . .

M.D. Fla. R. 3.01(a). Here, State Farm's requested relief appears to be that the Court "strike as evidence of Plaintiff's damages" the lien Lee Memorial holds against Plaintiff. Doc. 44 at 1. Although State Farm argues the various reasons why the

lien allegedly is invalid, it fails to meet the basic requirement of providing the legal authority permitting or requiring the Court to strike such evidence. *See generally id.*

To the extent State Farm is seeking relief under Rule 12(f) of the Federal Rules of Civil Procedure, that rule is not applicable here. Rule 12(f) permits the Court to "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The damages related to the lien, however, are not referenced in Plaintiff's pleadings such that Rule 12(f) would apply. *See generally* Doc. 2; *see also Tooker v. Scott*, No. 2:15-cv-272-FtM-38CM, 2016 WL 6276910, at *1 (M.D. Fla. Oct. 27, 2016) ("Courts across the Eleventh Circuit have held that motions filed pursuant to Rule 12(f) that ask the Court to strike documents other than pleadings are improper."). Additionally, Rule 37(c) of the Federal Rules of Civil Procedure forbids a party from using information or a witness "to supply evidence on a motion, at a hearing, or at a trial" if the party failed to provide the information or identify the witness as required by Rule 26(a) or (e), unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c); *see Lincoln Rock, LLC v. City of Tampa*, No. 8:15-cv-1374-T-30JSS, 2016 WL 6138653, at *3 (M.D. Fla. Oct. 21, 2016) (granting in part a motion to strike a supplemental report brought under Rule 37(c) for failure to comply with Rule 26(e)). However, State Farm does not argue Plaintiff violated Rule 26 such that Rule 37(c) would apply. *See generally* Doc. 44. Therefore, State Farm's motion is due to be denied for failure to assert the grounds on which the motion may be granted.

The Court also denies State Farm's motion because at this stage of the case it is untimely. State Farm "will have every opportunity to present the appropriate motion *in limine* to the trial court to challenge the admissibility of any document produced." *See Rice v. Reliastar Life Ins. Co.*, No. 2:11-cv-548-FtM-29SPC, 2011 WL 4596118, at *4 (M.D. Fla. Oct. 3, 2011). It would be premature for the Court to determine the admissibility of particular evidence for trial at this time.[6] *See id.*

ACCORDINGLY, it is

**ORDERED:**

Defendant's Motion to Strike Damages Claimed in Violation of the Florida Constitution and Fla. Stat. Section 627.736(5)(a) (Doc. 44) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[6] Rule 5.1 requires the Court, under 28 U.S.C. § 2403, to "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). Because the Court is denying State Farm's motion without considering the merits of the constitutionality argument, the Court will not certify that the constitutionality of Chapter 2000-439, Laws of Florida has been challenged at this time. If State Farm chooses to pursue this argument at the appropriate time, the Court reminds State Farm that it must comply with the requirements of Rule 5.1.