UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIEGO ARBOLEDA,

    Plaintiff,

v.           Case No: 2:17-cv-406-FtM-38CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Overrule Objections and Compel Better Responses to Third Request for Production and Plaintiff's response in opposition. Docs. 52, 53. For the reasons stated herein, the motion will be granted.

On July 19, 2017, this case was removed from state court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. According to his Complaint, Plaintiff Diego Arboleda was involved in a car accident on October 10, 2016 due to George Allen Percifield's[1] negligent operation of a motor vehicle. Doc. 2 ¶¶ 5-8. As a result of the accident, Plaintiff allegedly suffered permanent bodily injury, pain, suffering, disability, disfigurement and loss of the capacity to enjoy life as well as medical expenses. *Id.* ¶ 13. Mr. Percifield's bodily

---

[1] Mr. Percifield is not a party to this case. Doc. 2 ¶ 6.

injury liability coverage was insufficient to cover Plaintiff's damages.  *Id.* ¶ 9.  At the time of the accident, Plaintiff had an insurance policy in full force and effect through State Farm, which included coverage for underinsured motorists.  *Id.* ¶ 10. Therefore, Plaintiff alleges State Farm is liable for Plaintiff's damages in excess of Mr. Percifield's liability coverage.  *Id.* ¶¶ 11-13.

Plaintiff sought medical treatment from Gulf Coast Medical Center, which is part of the Lee Memorial Hospital System ("Lee Memorial"), for injuries related to the car accident.  Doc. 44 at 1.  State Farm approved $10,221.62 of the $50,028.61 that Lee Memorial charged for the services and paid $2,420.42 of the approved total.[2] *Id.* at 2.  This left $7,813.20 remaining unpaid of the approved amount of charges. *Id.*  Lee Memorial subsequently claimed a lien against Plaintiff, however, in the amount of $40,478.61.[3]  *Id.*; Doc. 44-3.

On May 2, 2018, State Farm moved to strike the lien as evidence of Plaintiff's damages and served its Third Request for Production, which included two requests seeking written communications or notes reflecting telephone conversations between Plaintiff or his attorney and any employee or agent of Lee Memorial regarding the hospital lien at issue.  Doc. 44; Doc. 52 at 2; Doc. 52-1.  The Court denied without prejudice the motion to strike because State Farm failed to assert the legal grounds for the relief sought, and it would have been premature for the Court to determine

---

[2] The $2,420.42 State Farm paid to Lee Memorial included $12.00 in interest.  Doc. 44 at 2 n.1.  State Farm paid only $2,408.42 of the approved amount because this amount exhausted Plaintiff's remaining Personal Injury Protection ("PIP") benefits under his policy. *Id.* at 2.

[3] It is unknown how Lee Memorial calculated the lien amount.  *See* Doc. 44 at 2.

the admissibility of evidence for trial at that time.   Doc. 51.   On June 13, 2018,[4] "*12 days after his responses were due under Fed. R. Civ. P. 34*," Plaintiff responded to State Farm's Third Request for Production, objecting to both requests.   Doc. 52 at 2 (emphasis in original); *see* Doc. 52-2.   State Farm's counsel sent a deficiency letter regarding Plaintiff's responses and objections, and Plaintiff amended his original responses and objections the following day.   Doc. 52 at 3-4; Doc. 52-3; Doc. 52-4. State Farm subsequently sent Plaintiff another deficiency letter and exchanged emails with Plaintiff regarding the requested discovery to no avail.   Doc. 52 at 4; Doc. 52-5.   Ultimately, on June 29, 2018—the day before the discovery deadline— State Farm filed the present motion seeking to compel Plaintiff's production of documents in response to its Third Request for Production.   *See* Doc. 52.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34.   Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b).   Fed. R. Civ. P. 34(a).   Rule 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[4] The Court notes the Certificate of Service for Plaintiff's Responses to Defendant's Third Request for Production indicates it was served on June 12, 2018.   Doc. 52-2 at 2.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "[f]or each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). The decision to compel discovery is within the discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

State Farm seeks to compel Plaintiff's responses to its Requests Nos. 1 and 2:

1. Copies of written communications, including letters and emails, exchanged between (a) you, your attorney, or anyone in his office, and (b) any employee or agent of Lee Memorial Health System Foundation, Inc. d/b/a Gulf Coast Medical Center (LMHS) regarding the Hospital Claim of Lien dated April 5, 2017, and/or the amount charged by or owed to LMHS.

   **Response**: Plaintiff is not [in] possession of any written communications that would be responsive to this request. Plaintiff objects to the remainder of the request as it calls for information protected by the attorney-client privilege and attorney work-product privilege.

   **Amended Response:** Objection. This requests call for information that is irrelevant and the request is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objects to the remainder of the request as it calls for information protected by the attorney-client privilege and attorney work-product privilege. Further, Plaintiff objects to the request on the basis that it calls for the production of things which include the mental impressions, conclusions, opinions, or theories of his attorney. Notwithstanding and without waiving said objection, Plaintiff is not [in] possession of any written communications that would be responsive to this request.

2. Any notes or memorandum reflecting telephone conversations between (a) you, your attorney, or anyone in his office, and (b) any employee or agent of Lee Memorial Health System Foundation, Inc.

> d/b/a Gulf Coast Medical Center (LMHS) regarding the Hospital Claim of Lien dated April 5, 2017, and/or the among charged by or owed to LMHS.
>
> **Response:** Plaintiff is not [in] possession of any notes or memoranda that would be responsive to this request. Plaintiff objects to the remainder of the request as it calls for information protected by the attorney-client privilege and attorney work-produce privilege.
>
> **Amended Response**: Objection. This request calls for information that is irrelevant and the request is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objects to the remainder of the request as it calls for information protected by the attorney-client privilege and attorney work-product privilege. Further, Plaintiff objects to the request on the basis that it calls for the production of thing which include the mental impressions, conclusions, opinions, or theories of his attorney. Notwithstanding and without waiving said objection, Plaintiff is not [in] possession of any notes or memoranda that would be responsive to this request.

Doc. 52-1 at 3; Doc. 52-2 at 1; Doc. 52-4 at 1-2.

State Farm first asserts Plaintiff waived all objections to State Farm's requests by failing to respond timely to State Farm's Third Request for Production, and further waived any relevancy objections by failing to make them prior to serving his amended responses. Doc. 52 at 4-5 (citing Fed. R. Civ. P. 34; *Foster v. Coca-Cola Co.*, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *2 (M.D. Fla. June 2, 2015)). Notwithstanding its argument that Plaintiff's objections are waived, State Farm argues its requests are relevant because "the validity of the [Lee Memorial] lien will ultimately affect the amount of damages that Plaintiff will be able to present to the jury and/or recover from [State Farm]." *Id.* at 5. State Farm also argues the attorney-client and attorney work product privileges do not apply because communications with Lee Memorial, a third party, are outside the attorney-client

relationship, and Plaintiff did not produce a privilege log. *Id.* at 5-6 (citing Fed. R. Civ. P. 26(b)). State Farm further contends that even if the attorney-client and work-product privileges do apply to the communications with Lee Memorial, State Farm has substantial need for the information and cannot reasonably obtain it through other means. *Id.* at 6.

Plaintiff's counsel acknowledges his responses to State Farm's Third Request for Production were untimely, but he asserts the untimeliness was an inadvertent failure due to changes in staff and not docketing the deadline properly. Doc. 53 at 1. Plaintiff claims that the day State Farm's counsel notified him of his failure to respond, he served his initial response and followed up with an amended response within 48 hours. *Id.* at 2. Plaintiff recognizes "it would be consistent with a significant body of case law to deem all objections waived, and to compel [State Farm]'s desired discovery," but notes "it is also within the sound discretion of this Court whether or not to do so especially in light of the substantive objections raised in addition to the privilege objections." *Id.* Plaintiff argues that the information requested is not relevant and improper because it is not reasonably calculated to lead to the discovery of admissible evidence, that State Farm is intentionally targeting this information to invade the attorney work-product privilege, and that the information requested can be obtained from Lee Memorial directly. *Id.*

Courts in this district generally find the failure to "object timely to production requests constitutes a waiver of any objections the responding party may have." *See Spencer v. City of Orlando*, No. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at *1 (M.D.

Fla. Feb. 2, 2016); *see also Steel v. NCC Recovery, Inc.*, No. 8:13-CV-559-T-33EAJ, 2013 WL 12170585, at *1-2, n.2 (M.D. Fla. Aug. 22, 2013); *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20-MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008); *Third Party Verification, Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *3 (M.D. Fla. May 2, 2007).   Here, however, the Court finds Plaintiff has demonstrated good cause for his untimely responses to State Farm's Third Request for Production.   Nevertheless, Plaintiff's objections will be overruled.

First, the Court finds State Farm's discovery requests relevant.   Plaintiff provides no support for his argument that the information requested is not relevant, and "information regarding Plaintiff's damages is clearly relevant and information to which [State Farm is] entitled."   *See Johnson v. Stryker Corp.*, No. 2012 WL 487443, at *1-2 (M.D. Fla. Feb. 14, 2012).   Plaintiff has represented to this Court that he intends to seek recovery for the amount of the hospital lien from State Farm.   *See* Doc. 45 at 2 ("[Lee Memorial] has further advised they are exercising their rights under the hospital lien, and in light of this Plaintiff has no choice but to seek recovery for this (and other damages) from [State Farm].")   Therefore, State Farm is entitled to discovery pertaining to the hospital lien in question.

Second, the Court does not find it appropriate to provide blanket protection of the requested discovery under the attorney-client and attorney work product privileges.   The attorney-client privilege is only applicable where all of the following elements are met:

> (1) [w]here legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived.

*Promenades Mall (E&A), LLC ("Promenades") v. Allstate Ins. Co.*, No. 2:08-cv-475-FtM-29SPC, 2009 WL 10670070, at *2 (M.D. Fla. May 11, 2009) (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005)). The work product privilege applies to "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). Attorney work product generally is protected from discovery unless the materials are otherwise discoverable, or the party shows it has substantial need for the materials and cannot otherwise obtain the information without undue hardship. *Id.* Even where the Court orders discovery of such information, "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" must be protected against disclosure. Fed. R. Civ. P. 26(b)(3)(B).

As the party asserting both privileges, Plaintiff had the burden of proving their applicability. *See Promenades*, 2009 WL 10670070, at *2 (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991); *Palmer v. Westfield Ins. Co.*, No. 5:05-CV-338-OC-10GRJ, 2006 WL 2612168, at *3 (M.D. Fla. June 30, 2006)). Plaintiff's conclusory objections fail to demonstrate he is entitled to any sort of blanket protection against producing the information sought, and the Court is unable to evaluate the applicability of either privilege to any particular document because

Plaintiff has not produced a privilege log as required by Rule 26(b)(5)(A).  *See*

*Gardner v. Ford Motor Co.*, No. 6:14-cv-508-Orl-18DAB, 2015 WL 12838996, at *3

(M.D. Fla. Feb. 17, 2015).  Aside from stating State Farm intentionally is seeking

"discovery tailored to invade the attorney work product privilege," Plaintiff makes no

arguments to support his position that the requested discovery is privileged.  *See*

*generally* Doc. 53.  Accordingly, Plaintiff has failed to meet his burden of

demonstrating the requested discovery is protected by the attorney-client or attorney

work product privilege.

Incidentally, Plaintiff has provided inconsistent information about whether he

has information or documents responsive to State Farm's requests at all: Plaintiff

represented to State Farm that communications between Plaintiff and Lee Memorial

do exist and that he would not provide a privilege log until ordered to do so by the

Court, which suggests Plaintiff does have documents responsive to State Farm's

requests.  *See* Doc. 52 at 4.  In his objections to State Farm's Third Request for

Production, however, Plaintiff indicated he is not in possession of any documents or

information responsive to the requests.  Doc. 52-4 at 1-2.  Further, in his opposition

to the present motion, Plaintiff stated, "the information requested by [State Farm], *if*

*it exists*, can be obtained from Lee Memorial directly."  Doc. 53 at 2 (emphasis

added).  As another Court in this district put it, "[l]itigation is difficult enough

without having to fight hypothetical battles."  *See Gardner*, 2015 WL 1283996, at *3.

Plaintiff is directed to produce the discovery requested by State Farm, and if any

particular items or documents are withheld on the basis of privilege, Plaintiff must produce a privilege log consistent with the requirements set forth in Rule 25(b)(5)(A).

ACCORDINGLY, it is

**ORDERED:**

1.     Defendant's Motion to Overrule Objections and Compel Better Responses to Third Request for Production (Doc. 52) is **GRANTED**.

2.     Plaintiff shall have up to and including **September 21, 2018** to produce documents responsive to State Farm's Third Request for Production (Doc. 52-1).

3.     Plaintiff shall have up to and including **September 21, 2018** to produce a privilege log in response to State Farm's Third Request for Production (Doc. 52-1), if necessary.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record